■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MERCHANT, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (O'Shaughnessy, J.), rendered March 5, 1985, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At approximately 2:00 P.M. on February 15, 1984, several guards working in the Nassau County Correctional Center were conducting a routine search of the inmates' cells for contraband and other disallowed items. When the defendant's cell was searched, the officers found a small container of milk and a small box of cereal, which they removed. A dispute ensued, in the course of which the defendant and two of the officers were alleged to have been injured.

Contrary to the defendant's contention, the prosecutor did not accuse him of lying on the stand, but rather inquired whether he was "sure of" his previous testimony. When the defendant volunteered that he wanted to "confess" that he *had* intentionally struck the two correctional officers with whose assault he was charged—a fact he had previously denied—the prosecutor asked if he had "lied" during his earlier testimony. The defendant admitted that he had. The

prosecutor therefore properly impeached the defendant's credibility, which was her legitimate function on cross-examination.

Most of the allegedly improper remarks uttered by the prosecutor during her summation were not objected to, and the defendant's claims of error with respect thereto are therefore not preserved for appellate review (CPL 470.05 [2]; *People v Decesare,* 112 AD2d 167). When defense counsel's intermittent objections were sustained, no further relief or curative instructions were requested, nor was a motion for a mistrial ever made, so that the court "must be deemed to have corrected the error[s] to the defendant's satisfaction" *(People v Williams,* 46 NY2d 1070, 1071). In any event, we note that the majority of the prosecutor's observations complained of on appeal constituted a fair response to defense counsel's remarks and arguments on summation *(People v Singleton,* 121 AD2d 752, *lv denied* 68 NY2d 918); and any residual errors were properly neutralized by the court in its charge. Finally, in the context of a case in which the evidence of the defendant's guilt was overwhelming, the alleged errors complained of must be considered harmless *(People v Valdivia,* 108 AD2d 885).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Rubin and Sullivan, JJ., concur.