■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. MURPHY, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 14, 1989, convicting him of assault in the first degree and assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Baker, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's motion which was to suppress the statements he made to the detectives at his residence and at the station house. The questioning at the defendant's residence was in a noncustodial setting, and the police did not exert a coercive influence over him *(see, Minnesota v Murphy,* 465 US 420, 431; *People v Bell,* 73 NY2d 153, 162; *People v Matus,* 166 AD2d 464, 465). The defendant received appropriate *Miranda* warnings at the station house prior to making any statement there *(see, Miranda v Arizona,* 384 US 436; *People v Bastidas,* 67 NY2d 1006, 1007 [statement made in noncustodial setting prior to *Miranda* warnings does not taint a subsequent custodial statement made after *Miranda* warnings]).

The defendant's contention that the prosecutor exceeded the bounds of legitimate advocacy when he referred on cross-examination and summation to the "lies" the defendant told to the police officers and the victim's family is unpreserved for

appellate review *(see,* CPL 470.05 [2]; *People v Comer,* 73 NY2d 955; *People v Gaines,* 158 AD2d 540; *People v Udzinski,* 146 AD2d 245, 248-252), and, in any event, is without merit. The defendant conceded in his statements to the police and in his testimony that he had "made up" the story he told the officers and the victim's family out of fear that he would be arrested. The defense counsel, several times during summation, acknowledged that the defendant had lied. Under these circumstances, the prosecutor properly impeached the defendant's credibility with those prior statements *(see, People v Merchant,* 150 AD2d 730).

We also find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.