■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER FERGUSON, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered December 19, 1989, convicting defendant, after a jury trial, of robbery in the third degree and three counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 3½ to 7 years on the robbery count, and 2½ to 5 years on each of the grand larceny counts, unanimously affirmed.

Defendant's direct testimony that he had pleaded guilty in

previous cases because he was, in fact, guilty was clearly meant to elicit a jury inference that defendant's failure to plead guilty in the instant case was some proof of innocence, thereby opening the door to cross-examination of defendant regarding his motivation for a prior guilty plea *(People v Garcia,* 169 AD2d 358, 362-363, *lv denied* 79 NY2d 857). While defendant's direct testimony did not open the door to cross-examination regarding any plea offer made in the instant case *(supra),* defendant's affirmative use of that issue on redirect examination, and the overwhelming nature of the evidence of defendant's guilt, precludes a finding of any prejudice to defendant that could have affected the outcome of the trial *(People v Crimmins,* 36 NY2d 230). Concur—Sullivan, J. P., Rosenberger, Wallach and Ross, JJ.