■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIZ ORTIZ, Appellant. [638 NYS2d 9] —Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 22, 1993, convicting defendant, after a nonjury trial, of criminal possession of controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years and $3^1/2$ to 7 years, respectively, unanimously affirmed.

Defendant's claim that the trial court based its *Sandoval* ruling on his anticipated trial testimony and punished him for seeking to offer testimony which conflicted with the People's witnesses is unpreserved as a matter of law and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit since the court properly balanced the probative value of defendant's prior bad acts against any prejudice to him, and properly considered "the effect on the validity of the fact-finding process if the defendant [did] not testify out of fear of the impact of the impeachment" (*People v Sandoval*, 34 NY2d 371, 378).

Defendant's contention that the court abused its discretion

in modifying its *Sandoval* ruling to allow cross-examination into the underlying facts of a 1989 narcotics related conviction is also unpreserved (*People v Russtic*, 211 AD2d 543), and we decline to review it in the interest of justice. Were we to review it, we would find that defendant's own testimony with respect to that conviction opened the door to the prosecutor's inquiry (*supra*, at 543, citing *People v Fardan*, 82 NY2d 638, 646; *People v Ferguson*, 190 AD2d 610, *lv denied* 81 NY2d 970). In any event, in a nonjury trial, the court is deemed capable of disregarding prejudicial matter (*People v Moreno*, 70 NY2d 403, 406). In light of defendant's criminal history, we perceive no abuse of discretion in sentencing. Concur—Ellerin, J. P., Rubin, Nardelli, Tom and Mazzarelli, JJ.