■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BAEZ, Appellant. [767 NYS2d 106]—

Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered May 31, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts) and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The court's *Sandoval* ruling, including its meticulous warning to defendant as to the circumstances under which his testimony would open the door to otherwise precluded inquiry, balanced the proper factors and was an appropriate exercise of discretion (*see People v Hayes*, 97 NY2d 203 [2002]; *People v Walker*, 83 NY2d 455, 458-459 [1994]; *People v Pavao*, 59 NY2d 282, 292 [1983]). The court appropriately determined that in the event defendant testified that he entered into plea agreements on prior cases because he was, in fact, guilty, and suggested that his decision to go to trial on the instant case implied his innocence, the prosecutor would be allowed to elicit the underlying facts of his prior crimes (*see People v Cooper*, 92 NY2d 968 [1998]). The strength of the prior cases was highly relevant to the issue of defendant's actual motivation for pleading guilty.

We perceive no basis for reducing the sentence. Concur— Saxe, J.P., Sullivan, Rosenberger, Friedman and Gonzalez, JJ.