■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MARABLE, Appellant. [826 NYS2d 273]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Carter, J.), rendered January 14, 2004, convicting him of robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, inter alia, with robbery in the first degree for having forcibly stolen money from the complainant's store while wielding a knife. The complainant testified that the defendant had taken money from both the cash register and a cigar box in which lottery receipts were kept, and had warned her not to tell anyone about the robbery. Testifying in his own behalf, the defendant admitted that he had stolen money from the cigar box, but denied that he had possessed a knife, stolen money from the register, or threatened the complainant.

Prior to trial, the defendant made a motion pursuant to *People v Sandoval* (34 NY2d 371 [1974]) to limit the prosecution's cross-examination regarding his prior criminal convictions. The defendant had three prior convictions: two for felonies, and one for a misdemeanor. The most recent, in 1993, involved a gunpoint robbery of a delicatessen. Initially, the trial court ruled that, should the defendant take the stand, the People would be prohibited from cross-examining him regarding his two earliest convictions, but would be permitted, without inquiring into the underlying facts of the case, to confront the defendant with the fact that he had been convicted of robbery. Following jury selection, the court revised its ruling at the defendant's request to limit the People's inquiry to whether the defendant had previously been convicted of a felony without specifying that the felony was a robbery.

When the defendant testified, the prosecutor abided fully with the court's *Sandoval* ruling and the defendant admitted having previously been convicted of a felony. On redirect examination, however, defense counsel asked the defendant, over the People's objection, whether he had pleaded guilty to that prior felony charge. The defendant responded that "[he] did plead because [he] was guilty." Immediately thereafter, on the People's application and over defense counsel's objection, the court modified its *Sandoval* ruling to permit the prosecutor to examine the defendant about the facts underlying the prior robbery conviction.

"[A] criminal defendant who chooses to testify, like any other civil or criminal witness, may be cross-examined regarding prior crimes and bad acts that bear on credibility, veracity or honesty" (*People v Hayes*, 97 NY2d 203, 207 [2002]; *cf.* CPLR 4513). However, to minimize the risk that evidence of prior convictions will be used by the factfinder, not on the issue of credibility, but as proof of the defendant's propensity to commit the charged crime, the defendant may obtain from the court an advance ruling as to whether and to what extent the People will be permitted to offer such evidence in the event the defendant testifies (*see People v Sandoval, supra*). Such relief, however, is intended as a shield for the defendant, not a sword by which to advance the case for the defense (*see People v Addison*, 73 AD2d 790, 791 [1979]).

Thus, it has been held that, where a defendant testifies that he pleaded guilty in a previous case because he was, in fact, guilty, thereby implying that his failure to plead guilty to the current charges should be taken as proof of his innocence, he opens the door to cross-examination exploring his true motivation for the prior guilty plea (*see People v Cooper*, 92 NY2d 968, 969 [1998]; *People v Ferguson*, 190 AD2d 610, 610-611 [1993]). Indeed, "testimony of this type . . . could arguably open the door to cross-examination which would truly refute it. For example, such testimony has been held to open the door to questioning that seeks to demonstrate that a prior guilty plea was motivated by factors other than honesty, such as the overwhelming level of proof in the prior case" (*People v Garcia*, 169 AD2d 358, 363 [1991]; *see People v Baez*, 1 AD3d 203 [2003] [the strength of the People's case may be "highly relevant to the issue of (a) defendant's actual motivation for pleading guilty"]).

Here, in accordance with the court's ruling, the prosecutor elicited only that the defendant had been previously convicted of an unnamed felony. Defense counsel then asked on redirect examination whether the conviction had resulted from a guilty plea, and the defendant gave the answer that led to the modification of the *Sandoval* ruling. Although the fact that the defendant previously had been convicted of a crime was relevant to his credibility, the fact that the conviction resulted from a guilty plea rather than a jury verdict was not. To the contrary, the only reason for eliciting that the defendant had pleaded guilty in the prior case was to raise the inference that, when guilty, the defendant pleads guilty. That is precisely the inference that the People may, in the court's discretion, be permitted to meet with otherwise precluded evidence (*see People v Cooper, supra*).

We respectfully disagree with our concurring colleague's suggestion that, although the People may resort to evidence that a defendant had pleaded guilty in the prior case because he was offered a favorable plea bargain, the court may not permit inquiry into the facts underlying the prior conviction unless the defendant had been issued "meticulous warnings" prior to taking the stand as to the circumstances under which his testimony would open the door to otherwise precluded examination (*citing People v Baez, supra*). A counseled defendant, who moves for and receives *Sandoval* relief, need not specifically be warned beforehand by the court not to misuse the protection afforded him by suggesting to the jury that he pleaded guilty in the past whenever he was guilty but had not pleaded guilty in the case on trial because he was not.

In the course of the initial *Sandoval* hearing, the trial court was fully apprised of the facts underlying the defendant's prior robbery conviction. Under the circumstances of this case, the trial court did not abuse or improvidently exercise its discretion in modifying its *Sandoval* ruling.

To the extent the defendant's contentions may be construed to include claims of misconduct concerning the prosecutor's recross-examination and subsequent summation pertaining to the evidence elicited as a result of the court's modified *Sandoval* ruling, his claim is unpreserved for appellate review.

Contrary to the defendant's contention, we are satisfied, upon the exercise of our factual review power, that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Adams, J.P., Santucci and Fisher, JJ., concur.

Goldstein, J. (concurring in the result): The defendant was charged with robbery in first degree and criminal possession of a weapon in the third degree relating to the theft of money from a convenience store. At the trial, the defendant admitted that he took money from a convenience store, but claimed that the larceny was not forcible. The complainant testified that the defendant threatened and intimidated her and displayed a knife. The jury convicted the defendant of robbery in the third degree as a lesser-included offense of robbery in the first degree and acquitted the defendant of criminal possession of a weapon in the third degree.

Prior to trial, the trial court issued a *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) allowing cross-examination of the defendant with respect to the fact that he had been convicted in 1993 of robbery in the first degree, but not permitting cross-examination as to the underlying facts. The prosecutor asked the court whether "we can revisit this is-

sue" if the defendant implied that he had only one prior conviction, and the court replied, "[i]f he volunteers something along those lines on his own spontaneously, then I would review it once again."

At the trial, on redirect examination of the defendant, the defense counsel asked the defendant, "when you were convicted of a felony in 1993, did you plead guilty to that?" The prosecutor's objection to that question was overruled by the court, whereupon the defendant testified that he pleaded guilty to robbery in the first degree in 1993 because he was in fact guilty. The People immediately asked for a modification of the *Sandoval* ruling to enable the People to elicit testimony that the defendant pleaded guilty because he was offered "a sweet deal." The defense counsel countered that "there was no sweet deal." The trial court nevertheless modified its *Sandoval* ruling to allow the People to elicit the underlying facts on the ground that "[t]he strength of the prior cases was highly relevant to the issue of the defendant's actual motivation for pleading guilty."

The trial court based its ruling on the decision of the Appellate Division, First Department, in *People v Baez* (1 AD3d 203 [2003]). However, in *Baez*, the defendant was issued "meticulous warning[s] . . . as to the circumstances under which his testimony would open the door to otherwise precluded inquiry" (*id.*).

In the instant case, neither the defendant nor his counsel was warned that an inquiry as to whether he pleaded guilty and his reasons for so doing would open the door to inquiry as to the facts underlying his conviction. Indeed, the defendant was led to believe that only a spontaneous assertion that he had only one prior conviction could open the door to further inquiry. Thus it appears that the defendant and his counsel were misled as to what would open the door to any underlying facts.

In *People v Cooper* (92 NY2d 968, 969 [1998]), cited by the People, the Court of Appeals held that a defendant's claim that he previously pleaded guilty because he was in fact guilty opened the door to cross-examination regarding the defendant's motivation for pleading guilty. The permitted cross-examination in that case did not involve cross-examination with respect to the underlying facts. Rather, the cross-examination related to whether the defendant was offered a favorable plea bargain.

Here, the prosecutor did not ask the defendant any questions as to whether he was offered a favorable plea bargain. Instead, the prosecutor's re-cross-examination dealt solely with the underlying facts. The prior crime involved facts similar to the case under review, to wit, the armed robbery of a delicatessen.

Under the circumstances, in my view, the trial court improvidently exercised its discretion in modifying the *Sandoval* ruling. Based upon the modified *Sandoval* ruling, the prosecutor asked the defendant if he was observed leaving the delicatessen and whether a gun was found on his person. The defendant denied that he had a handgun and claimed one of his accomplices had a handgun. In summation, the prosecutor argued that the defendant "was not forthcoming when I asked him about the knife" allegedly involved in the crimes for which he was on trial, just as he was "not forthcoming" when asked about the gun involved in the prior crime thereby exacerbating the error in this case.

Contrary to the conclusions of my concurring colleagues, these errors were preserved for appellate review. Since the trial court specifically ruled on the defendant's objection to modifying the *Sandoval* ruling, the defendant was not obligated to reiterate his objection each time the trial court's ruling was implemented (*see People v Feingold*, 7 NY3d 288, 290 [2006]; *People v Prado*, 4 NY3d 725 [2004]; CPL 470.05). Indeed, at the conclusion of the trial when defense counsel raised other objections to the prosecutor's summation, defense counsel noted: "She thought that I had opened the door. I respectfully disagree."

However, since the jury acquitted the defendant of robbery in the first degree and criminal possession of a weapon in the third degree, namely, the counts relating to a weapon, the impropriety did not affect the verdict and was therefore, harmless.