THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM SHANKLE, Appellant. [830 NYS2d 314]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered March 23, 2005, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and identification testimony.

Ordered that the judgment is affirmed.

At about 9:45 P.M. on May 5, 2004 the complainant was stopped at a traffic light at the intersection of Farragut Road and 80th Street in Brooklyn when a man entered his livery taxi, pointed what appeared to be a silver gun at him, took money from his pocket, ordered him out of the taxi, and drove off in the taxi.

Police Officer Derek Andreone testified at the suppression hearing that, at about the same time, he and two other police officers were riding in an unmarked car about 2½ blocks away when they received a radio report that a man had been shot at the corner of Farragut Road and 78th Street. At that time, they observed the defendant running from the direction of the reported shooting with his hand on his waist. While the other two officers remained in the vehicle, Officer Andreone stepped out and followed the defendant on foot, with his shield out but

his gun not drawn. When he got to within 10 to 15 feet from the defendant, Officer Andreone stated: "[P]olice, don't move." At that point, the defendant turned and pointed what appeared to be a silver gun at Officer Andreone and threatened to shoot him. The defendant eventually was placed under arrest and the gun was determined to be a BB gun.

After the defendant was placed under arrest, the officers received another radio report stating that the original radio report was incorrect, and that there actually had been a carjacking at the corner of Farragut Road and 80th Street and no one had been shot. They placed the defendant in the unmarked car and headed toward that location. They found the complainant at Farragut Road and 78th Street. He told them what had happened to him and that he had found his taxi abandoned on 78th Street after the taxi apparently crashed into a parked car. Officer Andreone showed the complainant the silver BB gun that had been recovered from the defendant, which the complainant identified as the gun used during the robbery. Officer Andreone then showed the defendant to the complainant, who made a positive identification.

Contrary to the defendant's contention, Officer Andreone's conduct before the defendant pointed the BB gun at him did not constitute pursuit or a seizure requiring reasonable suspicion (*see People v Reyes,* 83 NY2d 945, 946 [1994], *cert denied* 513 US 991 [1994]; *People v Bora,* 83 NY2d 531, 535 [1994]; *People v McCoy,* 30 AD3d 441 [2006]; *People v Foster,* 302 AD2d 403, 404 [2003]). In any event, his receipt of a radio report that a man had been shot about 2½ blocks away, together with his observation of the defendant running from that direction with his hand on his waist, were sufficient to support such a reasonable suspicion (*see People v Benjamin,* 51 NY2d 267, 271 [1980]; *cf. People v Moore,* 6 NY3d 496, 501 [2006]).

The defendant's contention that the showup identification was unduly suggestive because it was conducted at the location where the complainant's stolen car had been abandoned together with a display of the gun the complainant said had been used in the robbery is unpreserved for appellate review, since these specific contentions were not raised at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]; CPL 470.05 [2]; *People v Saunders,* 306 AD2d 502 [2003]) and there is no record for this Court to review.

The defendant's contention that the complainant's identification testimony was improperly bolstered by Officer Andreone's testimony at trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v West,* 56 NY2d 662, 663 [1982]; *People v*

*Cruz,* 31 AD3d 660, 661 [2006]). In any event, the improper bolstering was harmless error. The strength of the complainant's identification testimony, together with the facts that the defendant was observed running from the location of the robbery with a gun similar to the gun that was used in the robbery, and approximately the same amount of money on him as was taken from the complainant, precluded any significant probability that the jury would have acquitted the defendant had it not been for the improper bolstering (*see People v Johnson,* 57 NY2d 969, 970-971 [1982]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.