■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANETTE HILL, Appellant. [850 NYS2d 186]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered October 18, 1996, convicting her of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the prosecutor violated the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is unpreserved for appellate review (*see People v Siriani*, 27 AD3d 670 [2006]). In any event, the defendant testified that she pleaded guilty in a previous case because she was, in fact, guilty, thereby implying that her failure to plead guilty to the current charges should be taken as proof of her innocence, thereby opening the door to cross-examination exploring her true motivation for the prior plea of guilty (*see People v Cooper*, 92 NY2d 968, 969 [1998]; *People v Marable*, 33 AD3d 723, 725 [2006]). Under these circumstances, the prosecutor's line of questioning did not exceed the scope of the court's *Sandoval* ruling (*see People v Marable*, 33 AD3d at 725; *People v Pearson*, 282 AD2d 692 [2001]).

The defendant's contention that the prosecutor improperly challenged her to characterize the People's witnesses as liars is without merit. While prosecutors repeatedly have been cautioned by this Court to avoid pressuring a testifying defendant into characterizing the People's witnesses as liars (*see e.g. People v Gonzalez*, 15 AD3d 594 [2005]; *People v Lawrence*, 4 AD3d 436, 437 [2004]; *People v Berrios*, 298 AD2d 597 [2002]; *People v Smith*, 199 AD2d 439, 440 [1993]), a prosecutor is entitled to ask the defendant whether the witnesses had been mistaken in their testimony or whether the witnesses' testimony was not true where, as here, the defendant's testimony is in direct conflict with that of the People's witnesses (*see People v Bradley*, 38 AD3d 793, 794 [2007]; *People v Swails*, 250 AD2d 503 [1998]; *People v Overlee*, 236 AD2d 133, 139 [1997]).

The defendant's contention that two police officers were improperly permitted to give testimony that bolstered the testimony of the complainants is unpreserved for appellate review (*see People v Shankle*, 37 AD3d 742, 743 [2007]; *People v Cruz*, 31 AD3d 660, 661 [2006]). In any event, the officers' testimony did not constitute impermissible bolstering of the complainant's identification testimony (*see People v Mendoza*, 35 AD3d 507 [2006]; *People v Nealy*, 32 AD3d 400, 402 [2006]).

Contrary to the defendant's contention, she was not deprived of the effective assistance of counsel (*see People v Schulz*, 4 NY3d 521, 531 [2005]; *People v Green*, 41 AD3d 862 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.