■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILSON, Appellant. [908 NYS2d 885]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered May 21, 2008,

convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions that he was deprived of a fair trial as a result of improper cross-examination and summation remarks made by the prosecutor are without merit. The defendant "opened the door" to questions with respect to his prior conviction of criminal sale of a controlled substance by testifying that he had never sold drugs (*People v Jones*, 278 AD2d 246, 248 [2000], citing *People v Fardan*, 82 NY2d 638, 646 [1993]; *see People v Thomas*, 47 AD3d 850, 851 [2008]; *People v Marable*, 33 AD3d 723, 725 [2006]). Furthermore, the challenged comments in the prosecutor's summation regarding the defendant's credibility constituted fair comment on the evidence (*see People v Murphy*, 178 AD2d 615 [1991]; *People v Merchant*, 150 AD2d 730, 731 [1989]). In addition, the prosecutor's comment that the defendant had the benefit of hearing the prosecution's witnesses and reviewing the police paperwork before testifying was permissible (*see Portuondo v Agard*, 529 US 61, 67-68 [2000]; *People v Bryant*, 39 AD3d 768, 769 [2007]; *People v Siriani*, 27 AD3d 670 [2006]; *People v Portalatin*, 18 AD3d 673, 674 [2005]; *People v Lowery*, 281 AD2d 491, 491-492 [2001]).

The defendant's contention that he was deprived of the effective assistance of counsel is without merit (*see generally People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v James*, 72 AD3d 844 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Florio, Balkin and Roman, JJ., concur.