Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered September 24, 2010, convicting him of operating a motor vehicle while under the influence of alcohol, aggravated unlicensed operation of a motor vehicle in the first degree (two counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Weber, J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The County Court properly denied that branch of the defendant’s omnibus motion which was to suppress physical evidence and his statements to law enforcement officials, made on the ground that the officers did not have reasonable suspicion to pursue and stop him. Upon the officers’ proper approach of the defendant’s vehicle, parked six feet into the street and facing *774 the wrong direction, its engine running and its headlights interfering with the visibility of oncoming traffic (see People v Ocasio, 85 NY2d 982, 985 [1995]; People v Benjamin, 268 AD2d 486 [2000]; People v Citron, 255 AD2d 452 [1998]), the defendant’s actions in exiting the driver’s seat, leaving the engine running and the headlights on, and walking toward a house in a stumbling fashion gave the officers a founded suspicion that criminality was afoot, triggering the common-law right of inquiry (see People v De Bour, 40 NY2d 210, 223 [1976]). The testifying officer’s actions thereafter only interfered with the defendant “to the extent necessary to gain explanatory information” and did not constitute a forcible seizure requiring reasonable suspicion (id. at 223; People v Watts, 309 AD2d 1256, 1257 [2003] [internal quotation marks omitted]; cf. People v Moore, 6 NY3d 496, 500-501 [2006]). The officer’s inquiry led to information and observations that provided him with probable cause to arrest the defendant for operating a motor vehicle while under the influence of alcohol and with a suspended license.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Westcott, 84 AD3d 1510, 1511-1512 [2011]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Angiolillo, J.P., Eng, Lott and Austin, JJ., concur.