— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered January 27, 2010, convicting him of criminal trespass in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
At trial, a police officer testified that after receiving a radio communication describing an individual involved in a reported burglary, he stopped his patrol car at a particular location because he “saw a person matching the description that was broadcast[ed] over the radio,” and that he later broadcasted that he had a person “matching the description” in custody. Another police officer testified that he responded to that location because “[o]ther officers spotted a man who fit the description that we got.” The defendant contends that the officers’ testimony impermissibly bolstered the complainant’s identification testimony. Insofar as it relates to the second officer’s testimony, the defendant’s contention is without merit. Insofar as it relates to the first officer’s testimony, the defendant’s contention is unpreserved for appellate review (see CEL 470.05 [2]), and in any event, is without merit. As the Supreme Court properly instructed the jury, the officers’ testimony was offered for the limited and relevant “purpose of providing a necessary *988 explanation of the events which precipitated the defendant’s arrest” (People v Spencer, 212 AD2d 645, 645 [1995]).
The police officers also testified that the defendant was arrested after they responded to the location. The defendant contends that the officers’ testimony in this regard also impermissibly bolstered the complainant’s identification testimony. However, the defendant’s contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Hill, 47 AD3d 838, 839 [2008]). In any event, the defendant’s contention is without merit. The officers’ testimony, likewise offered for the limited and “relevant purpose of establishing the reasons behind the [officers’] actions and explaining the events which precipitated the defendant’s arrest,” did not impermissibly bolster the complainant’s identification testimony (People v Mendoza, 35 AD3d 507, 507 [2006]; see People v Smalls, 293 AD2d 500, 501 [2002]).
The defendant’s remaining contentions are without merit. Skelos, J.P., Balkin, Leventhal and Austin, JJ., concur.