◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD COUCH, Appellant. [961 NYS2d 559]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Holdman, J.), rendered July 9, 2010, convicting him of assault in the second degree (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Wetzel, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

At a suppression hearing, a police officer who was experienced and trained in street level narcotics sales testified that he observed a hand-to-hand transaction in which a man transferred money to the defendant, and the defendant transferred a watch to the man in an area known to have a high level of narcotics activity. The police officer was aware from his training that individuals involved in street level narcotics sales frequently use objects to conceal the narcotics. As the police officer and his partner approached, the man threw the watch onto the ground and the defendant began to walk away. The police officer told the defendant to "come back," which he did. The police officer then asked the defendant for identification, which the defendant provided. When the police officer then asked the defendant if he had "anything on him that he wasn't supposed to have," the defendant began to backpedal. The police officer then took one step toward the defendant, and the defendant swung his right hand toward the police officer and would have hit the officer with his hand if the officer had not blocked it. After a struggle, the officers placed the defendant under arrest.

The County Court properly denied that branch of the defendant's motion which was to suppress physical evidence seized incident to his arrest. Contrary to the defendant's contention, the officers had a founded suspicion that criminality was afoot, triggering a common-law right of inquiry when they initially approached the defendant (*see People v Alvarez*, 100 NY2d 549, 550 [2003]; *People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Bolta*, 96 AD3d 773, 774 [2012]). Also contrary to the defendant's contention, under the circumstances of this case, neither the police officer's directive to "come back," nor his subsequent taking of one step toward the defendant after the defendant started backpedaling, constituted a seizure or pursuit requiring reasonable suspicion (*see People v Bora*, 83 NY2d 531, 535-536 [1994]; *People v Shankle*, 37 AD3d 742, 743 [2007]; *People v Foster*, 302 AD2d 403, 404 [2003]). The defendant's subsequent action in swinging at the police officer gave the officers probable cause to arrest him. Skelos, J.P., Leventhal, Hall and Lott, JJ., concur.