■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY JOHNSON, Appellant. [34 NYS3d 120]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Efman, J.), rendered January 10, 2012, convicting him of driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3), aggravated unlicensed operation of a motor vehicle in the first degree, and operating a motor vehicle without a valid driver license, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kahn, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defend-

ant's omnibus motion which was to suppress his statements to law enforcement officials, made on the ground that the police officers did not have probable cause to arrest him for driving while intoxicated in violation of Vehicle and Traffic Law § 1192 (3). Contrary to the defendant's contention, the testimony of the arresting officer that he observed the defendant in a visibly intoxicated condition, seated behind the wheel of the vehicle with the engine running and the transmission in drive, was sufficient to provide probable cause to arrest the defendant for driving while intoxicated (*see People v Farnsworth*, 134 AD3d 1302 [2015]; *People v Bolta*, 96 AD3d 773 [2012]). There is no requirement that a vehicle actually be in motion for it to be in operation (*see People v Prescott*, 95 NY2d 655 [2001]; *People v Westcott*, 84 AD3d 1510 [2011]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of driving while intoxicated beyond a reasonable doubt (*see People v Prescott*, 95 NY2d 655 [2001]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.