■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LEWIS, Appellant. [57 NYS3d 62]—Appeal by the defendant from a judgment of the Supreme Court, Rockland County (Kelly, J.), rendered February 14, 2014, convicting him of attempted murder in the second degree and assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Fisch, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence, his statements to law enforcement officials, and identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence, his statements to law enforcement officials, and identification testimony on the ground that his arrest was made without probable cause. Contrary to the defendant's contention, the detectives who ultimately arrested the defendant had a founded suspicion that criminality was afoot, triggering a common-law right of inquiry when they initially approached the defendant (*see People v De Bour*, 40 NY2d 210, 223 [1976]; *People v Bolta*, 96 AD3d 773, 774 [2012]). Additionally, under the circumstances of this case, when the detectives stood in the defendant's path on the sidewalk, that did not constitute a seizure or pursuit requiring reasonable suspicion (*see People v Bora*, 83 NY2d 531, 535-536 [1994]; *People v Shankle*, 37 AD3d 742, 743 [2007]; *People v Foster*, 302 AD2d 403, 404 [2003]). The defendant's subsequent action in pushing one of the detectives gave the detectives probable cause to arrest him (*see People v Couch*, 104 AD3d 955, 956 [2013]). Moreover, since the defendant did not seek to reopen the suppression hearing based on the trial testimony, or move for a mistrial, the question of whether the trial testimony undermined the hearing court's determination is not properly before this Court (*see People v Bajana*, 82 AD3d 1111 [2011]; *People v Moss*, 67 AD3d 1027 [2009]).

The defendant's contention that the evidence was legally insufficient to support his convictions because the prosecution failed to establish his identity as the perpetrator of those crimes is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (*see People v Thomas*,

146 AD3d 991, 992 [2017]; *People v Delgado*, 109 AD3d 483 [2013]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the Supreme Court erred in giving additional examples of the element of intent in its response to the jury's request for a readback and explanation of the charge on attempted murder in the second degree. The defendant failed to preserve this contention for appellate review, because he failed to object to the court's response or suggest an appropriate response to the jury note (*see* CPL 470.05 [2]; *People v Wiggs*, 28 NY3d 987, 989 [2016]; *People v Mack*, 27 NY3d 534, 537 [2016]; *People v Nealon*, 26 NY3d 152, 160 [2015]; *People v Tyler*, 43 AD3d 633, 634 [2007]). In any event, the court responded meaningfully to the jury's inquiry (*see* CPL 310.30; *People v Almodovar*, 62 NY2d 126, 131 [1984]; *People v Malloy*, 55 NY2d 296, 301 [1982]; *People v Gonzalez*, 293 NY 259, 262 [1944]), and the additional examples of the element of intent did not seriously prejudice the defendant such that he was deprived of a fair trial (*see People v Jackson*, 20 NY2d 440, 454-455 [1967]; *People v Cooke*, 292 NY 185, 188 [1944]).

The defendant's contention that certain comments made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Williams*, 146 AD3d 906, 910 [2017]; *People v McMillan*, 130 AD3d 651, 654 [2015], *affd* 29 NY3d 145 [2017]; *People v Johnson*, 127 AD3d 1234, 1234 [2015]). In any event, the challenged remarks were fair comment on the evidence and the reasonable inferences to be drawn therefrom, were a fair response to arguments and issues raised by the defense, and did not deprive the defendant of a fair trial (*see People v Williams*, 146 AD3d at 910; *People v Hawley*, 112 AD3d 968, 969 [2013]; *People v McGowan*, 111 AD3d 850, 851 [2013]).

The defendant's claim that he was deprived of the right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus, constitutes a "mixed claim" of ineffective as-

sistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*see People v Granger*, 122 AD3d 940, 942 [2014]; *cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805 [2012]; *People v Maxwell*, 89 AD3d at 1109).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Austin, Miller and Barros, JJ., concur.