People v Spleen (2018 NY Slip Op 01623)





People v Spleen


2018 NY Slip Op 01623


Decided on March 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2015-03627
 (Ind. No. 2998/12)

[*1]The People of the State of New York, respondent,
v
Jamille Spleen, appellant.


Paul Skip Laisure, New York, NY (Joshua M. Levine of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Daniel Lewis, J.), rendered March 25, 2015, convicting him of grand larceny in the fourth degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contention that the evidence was legally insufficient to establish his identity as the perpetrator is unpreserved for appellate review, as he did not specify this ground in support of his motion to dismiss at trial (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492; People v Hankerson, 149 AD3d 778). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish his identity as the perpetrator beyond a reasonable doubt (see People v Lewis, 150 AD3d 1264; People v Thomas, 146 AD3d 991, 992). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
MASTRO, J.P., CHAMBERS, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court