THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWORTH BROWN, Appellant. [817 NYS2d 139]—

Appeal by the defendant from a judgment of the Supreme

Court, Queens County (Katz, J.), rendered June 12, 2001, convicting him of attempted murder in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Where, as here, the defendant takes the stand in his own defense and testifies that he was elsewhere at the time the crime was committed, the testimony is legally sufficient to raise an alibi defense, and the defendant is entitled to an alibi charge upon his request (*see People v Warren,* 76 NY2d 773, 775 [1990]; *People v Edwards,* 3 AD3d 504 [2004]). Additionally, the defendant was entitled to have his former sister-in-law's testimony considered by the jury as a partial alibi, since it constituted evidence of the defendant's whereabouts shortly before the commission of the crime. Even "[i]f under the evidence tending, if true, to prove an *alibi,* it may have been *possible* for the defendant to have committed the crime, it is still for the jury to determine whether, if the evidence is true, he availed himself of the possibility it afforded" (*People v Holt,* 67 NY2d 819, 821 [1986] [internal quotation marks omitted]; *see People v Jack,* 74 NY2d 708 [1989]; *People v Costales,* 87 AD2d 635 [1982]). Since the evidence supported an alibi defense in this case and the defendant requested an alibi charge, the trial court erred in failing to give one (*see generally People v Watts,* 57 NY2d 299, 301 [1982]; *People v Vera,* 94 AD2d 728, 729 [1983]). This error warrants reversal, as the evidence of the defendant's guilt was not overwhelming (*see generally People v Klemm,* 124 AD2d 826, 827 [1986]; *People v Ciesluk,* 106 AD2d 514 [1984]; *People v Knowell,* 94 AD2d 255, 259-260 [1983]).

Furthermore, reversal of the judgment would independently have been warranted as a matter of discretion in the interest of justice based on repeated instances of prosecutorial misconduct during the cross-examination of a defense witness and upon summation. The cumulative effect of this misconduct, which included the prosecutor presenting himself as an unsworn witness at the trial, suggesting that the defense counsel did not believe his own client, making public safety arguments, and implying that certain key evidence had been kept from the jury due to legal technicalities, deprived the defendant of his right to a fair trial (*see People v Calabria,* 94 NY2d 519 [2000]; *People v Jamal,* 307 AD2d 267 [2003]). This misconduct should not be repeated at the defendant's retrial.

The defendant's remaining contentions are without merit. Mastro, J.P., Rivera, Skelos and Covello, JJ., concur.