■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASANA PHILBERT, Appellant. [874 NYS2d 540]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lewis, J.), rendered February 27, 2007, convicting him of as-

sault on a peace officer, police officer, fireman, or emergency medical services professional, and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain comments made by the prosecutor during summation and the cumulative effect of prosecutorial misconduct during summation constituted reversible error is unpreserved for appellate review since the defendant made only general objections, did not request curative instructions when the objections were sustained, and did not timely move for a mistrial on the specific grounds he now asserts on appeal (*see* CPL 470.05 [2]; *People v Daley*, 50 AD3d 1051, 1051 [2008]; *People v Wright*, 40 AD3d 1021 [2007]; *People v Williams*, 27 AD3d 673 [2006]; *People v Malave*, 7 AD3d 542, 542 [2004]; *People v White*, 5 AD3d 511, 511 [2004]; *People v Evans*, 291 AD2d 569 [2002]; *People v Livigni*, 288 AD2d 323, 324 [2001]). In any event, most of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Crawford*, 54 AD3d 961, 961 [2008]; *People v Applewhite*, 50 AD3d 1046, 1046 [2008]). Although some of the remarks were improper, they were not so egregious as to deprive the defendant of a fair trial (*see People v Nisvis*, 56 AD3d 574 [2008]; *People v Mathis*, 55 AD3d 628, 629 [2008]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Covello, Dickerson and Leventhal, JJ., concur.