■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY HENDRIX, Appellant. [876 NYS2d 154]—Appeal by the defen-

dant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 20, 2006, convicting him of attempted assault in the first degree, attempted robbery in the second degree, and attempted escape in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt as to the charge of attempted assault in the first degree is without merit. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), there existed a " 'valid line of reasoning and permissible inferences [which] could lead a rational person to the conclusion' " (*People v Hines*, 97 NY2d 56, 62 [2001], quoting *People v Williams*, 84 NY2d 925, 926 [1994]) that the homemade weapon used during the assault constituted a dangerous instrument (*see* Penal Law § 10.00 [13]; §§ 110.00, 120.10 [1]; *People v Carter*, 53 NY2d 113, 116 [1981]; *People v Williams*, 118 AD2d 609, 610 [1986]).

The defendant's contention that the prosecution failed to adduce legally sufficient evidence to support his conviction of attempted robbery in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]; *People v Carter*, 44 AD3d 677, 679 [2007]; *People v James*, 35 AD3d 762 [2006]; *People v Bailey*, 19 AD3d 431 [2005]). In any event, the contention is without merit because there existed a " 'valid line of reasoning and permissible inferences [which] could lead a rational person to the conclusion' " (*People v Hines*, 97 NY2d 56, 62 [2001], quoting *People v Williams*, 84 NY2d 925, 926 [1994]) that the defendant was "aided" in his robbery attempt by "another person actually present" (Penal Law § 160.10 [1]; § 110.00).

Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that certain statements made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review because he failed to object to any of the challenged comments (*see People v Billups*, 41 AD3d 492, 493 [2007]; *People v Benson*, 38 AD3d 563 [2007]; *People v Bermudez*, 36 AD3d 928, 929 [2007]; *People v Montalvo*, 34 AD3d 600, 601 [2006]). In any event, the prosecutor's remarks were "not so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Kadry*, 30 AD3d 440 [2006]; *People v Peterson*, 186 AD2d 231,

232-233 [1992], *affd* 81 NY2d 824 [1993]; *cf. People v Liverpool*, 35 AD3d 506 [2006]; *People v Brown*, 30 AD3d 609, 610 [2006]; *People v Walters*, 251 AD2d 433, 434-435 [1998]) and, thus, reversal is not warranted (*see People v Almonte*, 23 AD3d at 394; *People v White*, 196 AD2d 641 [1993]; *People v Morales*, 168 AD2d 85, 90 [1991]; *People v Roopchand*, 107 AD2d 35, 36 [1985]).

The defendant's remaining contentions are without merit. Skelos, J.P., Fisher, Florio and Leventhal, JJ., concur.