■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN FRANKLIN, Appellant. [883 NYS2d 95]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered November 13, 2006, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Contrary to the defendant's contention, the evidence presented by the People demonstrated that the police had probable cause to arrest him (*see* CPL 140.10 [1] [b]; *People v Parris,* 83 NY2d 342, 349 [1994]; *People v Maldonado,* 55 AD3d 626 [2008]). Furthermore, the lineup in which defendant participated was not unduly suggestive (*see People v Jean-Baptiste,* 57 AD3d 566 [2008]; *People v Cusimano,* 48 AD3d 475 [2008]). The defendant's physical characteristics were sufficiently similar to those of the other participants in the lineup as to negate any likelihood that the defendant would be singled out for identification (*see People v Jean-Baptiste,* 57 AD3d at 566; *see also People v Marshall,* 51 AD3d 821 [2008]).

The defendant's contention that various comments made by the prosecutor during his summation were improper and denied him a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions, and he failed to move for a mistrial (*see People v Philbert,* 60 AD3d 698, 699 [2009]; *People v Dashosh,* 59 AD3 731 [2009], *lv denied* 12 NY3d 852 [2009]; *People v Boyce,* 54 AD3d 1052, 1053 [2008]). In any event, most of the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Philbert,* 60 AD3d at 699; *People v Nisvis,* 56 AD3d 574 [2008]; *People v Forest,* 52 AD3d 733 [2008]). To the extent that certain of the remarks were improper, they were not so egregious as to deprive the defendant of a fair trial (*see People v Philbert,* 60 AD3d at 698; *People v Nisvis,* 56 AD3d at 574).

The defendant's remaining claims of prosecutorial misconduct are unpreserved for appellate review (*see People v Daley,* 50 AD3d 1051 [2008]) and, in any event, are without merit.

The defendant's remaining contentions are without merit. Mastro, J.P., Dickerson, Eng and Hall, JJ., concur.