■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO LOPEZ, Appellant. [892 NYS2d 787]—

The defendant's contention that various comments made by the prosecutor during her summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general objections, or his objections were sustained without any further request for curative instructions and he failed to move for a mistrial (*see People v Philbert*, 60 AD3d 698 [2009]; *People v Dashosh*, 59 AD3d 731 [2009]; *People v Boyce*, 54 AD3d 1052 [2008]). In any event, the challenged remarks constituted fair comment on the evidence or were responsive to defense counsel's summation (*see People v Forest*, 52 AD3d 733 [2008]; *People v Holguin*, 284 AD2d 343 [2001]), were fair rhetorical comment (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109 [1976]; *People v Alvarado*, 262 AD2d 651, 652 [1999]), or constituted harmless error (*see People v LaValle*, 3 NY3d 88, 115-116 [2004]; *People v Crimmins*, 36 NY2d 230 [1975]). Contrary to the defendant's contention, the prosecutor's comments regarding the entitlements of the victims here to the protections of the law did not constitute a "safe streets" argument (*see People v Chandler*, 265 AD2d 239 [1999]; *People v Durecot*, 224 AD2d 264 [1996]). Furthermore, defense counsel's failure to object to the challenged remarks did not constitute ineffective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Gonzalez*, 44 AD3d 790 [2007]). Santucci, J.P., Dickerson, Eng and Chambers, JJ., concur.