■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICARDO GARCIA-VILLEGAS, Appellant. [909 NYS2d 660]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered March 24, 2008, convicting him of murder in the second degree, tampering with physical evidence, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to a fair trial because of certain allegedly improper comments made by the prosecutor on summation. The defendant's contentions, however, are not preserved for appellate review (*see* CPL 470.05 [2]), inasmuch as the defendant either failed to object to the comments he now challenges, or made only general objections (*see People v Harris*, 98 NY2d 452, 491 n 18 [2002]; *People v Tonge*, 93 NY2d 838, 839-840 [1999]; *People v Jones*, 76 AD3d 716 [2010]; *People v Banks*, 74 AD3d 1214 [2010], *lv denied* 15 NY3d 849 [2010]; *People v Bey*, 71 AD3d 1156 [2010]). In any event, although several of the prosecutor's comments were better left unsaid, they did not, singly or in combination, deprive the defendant of a fair trial (*see People v Lewis*, 72 AD3d 705, 707 [2010]; *People v Porco*, 71 AD3d 791 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Walser*, 71 AD3d 706 [2010]; *People v Valerio*, 70 AD3d 869 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention raised in his supplemental pro se brief is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, under the circumstances of this case, does not require reversal (*cf.* CPL 470.15 [6] [a]).

The defendant's remaining contention is without merit. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.