■ The People of the State of New York, Respondent, v Clifford Damon, Appellant. [911 NYS2d 127]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered June 10, 2008, convicting him of murder in the second degree and attempted murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he validly waived his right to counsel, after an extensive inquiry by the Supreme Court that established his ability to represent himself, and emphasized the dangers and disadvantages of proceeding without counsel (see People v Providence, 2 NY3d 579, 580-581 [2004]; People v Smith, 92 NY2d 516 [1998]).

The defendant's contention that hearsay testimony was improperly admitted against him is unpreserved for appellate review (see CPL 470.05 [2]). In any event, some of that testimony was admissible pursuant to the state of mind exception to the hearsay rule (see People v Rose, 41 AD3d 742, 743 [2007]). To the extent the admission of hearsay testimony was erroneous, the error was harmless, since there was overwhelming evidence of the defendant's guilt, and there is no reasonable possibility that the hearsay evidence might have contributed to the defendant's conviction (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).

The defendant did not preserve for appellate review his contention that his cross-examination by the prosecutor deprived him of a fair trial, because the questions forced the defendant to characterize the prosecution's witnesses as liars (see CPL 470.05 [2]). In any event, the defendant's contention is without merit. The defendant denied the occurrence of events and his involvement in those events as testified to by the People's witnesses. The defendant also volunteered that, in his view, the police witnesses lied. The defendant therefore created a "credibility contest" (People v Overlee, 236 AD2d 133, 140 [1997]), and consistent with the prosecutor's duty to conduct a vigorous cross-examination, he was entitled to ask the defendant if the prosecution's witnesses were lying (id. at 138-139). Further, any error arising from the prosecutor's cross-examination of the defendant was harmless, as there was overwhelming evidence of the defendant's guilt, and there was no significant probability that any impropriety in the prosecu-

tor's cross-examination of the defendant affected the verdict (*see People v Crimmins*, 36 NY2d at 242).

The defendant's contention that certain remarks made by the prosecutor during summation were improper and deprived him of a fair trial is unpreserved for appellate review, as the defendant either did not object to the comments (*see People v Anderson*, 24 AD3d 460 [2005]; *People v Williams*, 303 AD2d 772 [2003]), made only general objections (*see People v Franklin*, 64 AD3d 614, 615 [2009]; *People v Boyce*, 54 AD3d 1052, 1053 [2008]), or failed to request additional relief when the Supreme Court sustained his objections or gave curative instructions (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Medina*, 53 NY2d 951, 953 [1981]; *People v Hollenquest*, 48 AD3d 592, 593 [2008]). In any event, reversal is not warranted, since the remarks did not deprive the defendant of a fair trial (*see People v Porco*, 71 AD3d 791, 794 [2010], *lv granted* 15 NY3d 854 [2010]; *People v Garcia*, 66 AD3d 699, 700 [2009]; *People v Rudd*, 62 AD3d 729 [2009]). Rivera, J.P., Chambers, Austin and Sgroi, JJ., concur.