■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR BAJANA, Appellant. [919 NYS2d 194]—

The evidence presented at the suppression hearing demonstrated that the arresting officer had probable cause to arrest the defendant (*see* CPL 140.10 [1] [b]; *People v Rios*, 11 AD3d 641 [2004]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence that was discovered incident to his arrest. Moreover, since the defendant did not seek to reopen the suppression hearing based on the trial testimony, or move for a mistrial, the question of whether the trial testimony undermined the hearing court's determination is not properly before this Court (*see People v Moss*, 67 AD3d 1027 [2009]). Furthermore, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the statement he made to a law enforcement officer. Volunteered statements are admissible, provided that the defendant, as here, "spoke with genuine spontaneity 'and not [as] the result of inducement, provocation, encouragement or acquiescence, no matter how subtly employed' " (*People v Rivers*, 56 NY2d 476, 479 [1982],

quoting *People v Maerling*, 46 NY2d 289, 302-303 [1978]; *see People v Tyrell*, 67 AD3d 827, 828 [2009]).

The defendant also contends that he was deprived of a fair trial because of certain allegedly improper comments made by the prosecutor on summation. The defendant's contentions are unpreserved for appellate review (*see* CPL 470.05 [2]) because he failed to object to the comments he now challenges (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Damon*, 78 AD3d 860 [2010]), or failed to request additional relief when the Supreme Court sustained objections or provided curative instructions (*see People v Heide*, 84 NY2d 943, 944 [1994]; *People v Damon*, 78 AD3d 860 [2010]; *People v Hollenquest*, 48 AD3d 592, 593 [2008]). In any event, reversal is not warranted because the prosecutor's remarks did not, singly or in combination, deprive the defendant of a fair trial (*see People v Garcia-Villegas*, 78 AD3d 727, 728 [2010], *lv denied* 15 NY3d 953 [2010]; *People v Dunbar*, 74 AD3d 1227, 1229 [2010], *lv denied* 15 NY3d 851 [2010]; *People v Hendrix*, 60 AD3d 1081, 1082-1083 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]). Defense counsel's failure to object to allegedly improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Cass*, 79 AD3d 768 [2010]; *People v Lopez*, 69 AD3d 958 [2010]). Moreover, the record reveals that defense counsel otherwise provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Since the defendant's guilt was proven beyond a reasonable doubt at trial, there can be no appellate review of the defendant's claim that the evidence presented to the grand jury was legally insufficient (*see* CPL 210.30 [6]; *People v Folkes*, 43 AD3d 956, 957 [2007]).

The defendant's remaining contentions are without merit or involve matter which is dehors the record. Covello, J.P., Lott, Roman and Miller, JJ., concur.