■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TOMMY L. HOUSTON, Appellant. [918 NYS2d 793]—

The defendant contends that the in-court identification testimony of three police witnesses should have been suppressed as tainted by an unduly suggestive pretrial identification procedure, during which they separately identified the defendant from a single photograph. An in-court identification is admissible notwithstanding a procedurally defective pretrial identification procedure if the People establish by clear and convincing evidence that the identification is based upon the witness's independent observation of the defendant during the commission of the crime (*see People v Marte*, 12 NY3d 583, 586 [2009], *cert denied* 559 US —, 130 S Ct 1501 [2010]; *People v Adelman*, 36 AD3d 926, 927 [2007]). Here, the People established that, based on the duration and nature of the police officers' encounter with the defendant, their in-court identification testimony was reliably based upon their independent observations of the defendant.

The defendant's contention that the evidence was legally insufficient to establish his identity is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484,

492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish every element of each crime of which he was convicted beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contentions that certain remarks made by the prosecutor during summation mischaracterized his testimony and improperly attacked his credibility and vouched for the credibility of the police witnesses, are unpreserved for appellate review because he failed to request additional relief when the County Court sustained his objections and gave curative instructions (*see* CPL 470.05 [2]; *People v Heide*, 84 NY2d 943, 944 [1994]). The defendant's contention that another remark made by the prosecutor introduced extraneous material is also unpreserved for appellate review, because the defendant did not object on this ground (*see* CPL 470.05 [2]; *People v West*, 56 NY2d 662, 663 [1982]). In any event, reversal is not warranted since the prosecutor's remarks, singly or in combination, did not deprive the defendant of a fair trial (*see People v Damon*, 78 AD3d 860, 861 [2010]; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010], *lv denied* 15 NY3d 953 [2010]), especially in light of the County Court's proper curative instructions (*see People v Ferguson*, 82 NY2d 837 [1993]; *People v Valerio*, 70 AD3d 869, 869-870 [2010]). Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.