■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL BROOKS, Appellant. [931 NYS2d 894]—

The defendant's contention that certain comments made by the prosecutor during summation were improper and, thus, deprived him of a fair trial, is unpreserved for appellate review (*see* CPL 470.05 [2]), because he made only a general objection to one of the comments he now challenges (*see People v Tonge*, 93 NY2d 838 [1999]; *People v Nunez*, 82 AD3d 1128, 1129 [2011]), and did not object to the other comments he now challenges (*see People v West*, 86 AD3d 583, 584 [2011]; *People v Bajana*, 82 AD3d 1111, 1112 [2011]). In any event, although some of the prosecutor's comments improperly mischaracterized the defense as questioning the honesty of eyewitnesses, the comments were not "so flagrant or pervasive as to deny the defendant a fair trial" (*People v Almonte*, 23 AD3d 392, 394 [2005]; *see People v Bajana*, 82 AD3d at 1112; *People v Rayford*, 80 AD3d 780, 781 [2011]; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]; *People v Hendrix*, 60 AD3d 1081, 1082-1083 [2009]). Moreover, the Supreme Court instructed the jurors that they were the finders of fact, that the arguments of counsel were not evidence, and that they were to assess the witnesses's credibility (*see People v Valerio*, 70 AD3d 869 [2010]).

Defense counsel's failure to object to the improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (*see People v Taylor*, 1 NY3d 174 [2003]; *People v Bajana*, 82 AD3d at 1112). Moreover, defense counsel otherwise provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's challenge to the legal sufficiency of the evidence, raised in his pro se supplemental brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11

NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]); *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Mastro, J.P., Eng, Belen and Hall, JJ., concur.