■ The People of the State of New York, Respondent, v Robert E. Whittle, Appellant. [956 NYS2d 581]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 16, 2010, convicting him of burglary in the second degree, robbery in the third degree, criminal possession of stolen property in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical and identification evidence and his statements to law enforcement officers.

Ordered that the judgment is affirmed.

The hearing court properly denied those branches of the defendant's omnibus motion which were to suppress physical and identification evidence and his statements to law enforcement officers on the ground that he was unlawfully seized. The police had the requisite reasonable suspicion to stop and detain the defendant for a showup identification procedure based on the defendant's appearance, which matched a general description of the perpetrator broadcast over the police radio, the defendant's temporal and spacial proximity to the crime scene, and the defendant's actions in looking back in the direction of

the crime scene and throwing items into a garbage can (*see People v Wellington*, 84 AD3d 984, 986 [2011]; *People v Hicks*, 78 AD3d 1075, 1075-1076 [2010]; *People v Mais*, 71 AD3d 1163, 1164 [2010]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

To the extent the defendant contends that the prosecutor's conduct on cross examination deprived him of a fair trial, his contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *see also People v Damon*, 78 AD3d 860 [2010]), and, in any event, is without merit. With regard to the prosecutor's comments on summation, most of the challenged comments were fair comment on the evidence or fair response to the arguments and issues the defense raised. Although two of the prosecutor's comments on summation were improper, they did not deprive the defendant of a fair trial (*see People v Bajana*, 82 AD3d at 1112; *People v Damon*, 78 AD3d at 861; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]; *People v Valerio*, 70 AD3d 869 [2010]; *People v Hendrix*, 60 AD3d 1081, 1082-1083 [2009]; *People v Philbert*, 60 AD3d 698, 699 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The defendant's challenges to the constitutionality of New York's persistent violent felony offender statute are without merit (*see People v Bell*, 15 NY3d 935 [2010], *cert denied* 563 US —, 131 S Ct 2885 [2011]; *People v Leon*, 10 NY3d 122 [2008], *cert denied* 554 US 926 [2008]; *People v Haynes*, 92 AD3d 695 [2012]; *People v Winfield*, 63 AD3d 969, 970 [2009]). Moreover, the sentencing court properly adjudicated the defendant a persistent violent felony offender (*see People v Ford*, 91 AD3d 968, 969 [2012]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Mastro, J.P., Lott, Roman and Cohen, JJ., concur.