Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered March 31, 2005, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress certain evidence and his statements to law enforcement officials.
Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the hearing court properly determined that his arrest was supported by probable cause, that his statements to the police were made after he knowingly, voluntarily, and intelligently waived his Miranda rights (see Miranda v Arizona, 384 US 436 [1966]), and that *1063 none of the statements was the product of coercion (see People v Cotsifas, 100 AD3d 1015 [2012]; People v Taylor, 98 AD3d 593 [2012], lv granted 20 NY3d 1065 [2013]; People v Santiago, 97 AD3d 704, 705-706 [2012], lv granted 20 NY3d 935 [2012]; People v DeCampoamor, 91 AD3d 669, 670 [2012]; People v Bernardez, 73 AD3d 1196, 1196-1197 [2010]). Accordingly, the court properly denied that branch of the defendant’s omnibus motion which was to suppress certain evidence and his statements to law enforcement officials.
The defendant contends that the jury verdict was against the weight of the evidence because the People failed to disprove his justification defense beyond a reasonable doubt. However, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the rejection of the justification defense and the verdict of guilt were not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). At trial, the defendant testified that he used a knife against the unarmed victim. Furthermore, based upon the evidence, the jury could have concluded that the defendant did not reasonably believe that the victim was about to use deadly physical force against him, that the defendant could have, but failed, to retreat, and, consequently, that there was no justifiable basis for his resort to deadly physical force (see People v Huddleston, 101 AD3d 901 [2012]; People v Terrero, 31 AD3d 672, 672-673 [2006]).
While we agree with the defendant’s contention that the trial court should not have permitted the People to play for the jury the entire 911 tape, which revealed the suffering of the dying victim (see People v Caruso, 6 AD3d 980, 984-985 [2004]), the error was harmless because the evidence of the defendant’s guilt, without reference to the error, was overwhelming, and there is no significant probability that the error contributed to the defendant’s conviction (see People v Crimmins, 36 NY2d 230 [1975]; see also People v Kello, 96 NY2d 740 [2001]; People v Bohan, 100 AD3d 767 [2012], lv denied 20 NY3d 1009 [2013]).
Contrary to the defendant’s contention, the prosecutor properly cross-examined him regarding alleged prior bad acts, since the defendant opened the door to this line of questioning during his direct examination (see People v Jackson, 100 AD3d 1018 [2012]). Further, the trial court correctly denied the defendant’s request to admit evidence of the victim’s prior bad acts and/or criminal record because there was no evidence that the defendant knew about them at the time of the incident (see People v DiGuglielmo, 258 AD2d 591 [1999]; cf. People v Miller, 39 NY2d 543, 551 [1976]).
The defendant’s contention that certain comments made by *1064 the prosecutor during summation were improper and, thus, deprived him of a fair trial, is unpreserved for appellate review (see CPL 470.05 [2]), because he either raised no objection at all, or made general objections without alerting the trial court to his specific claims now raised on appeal or, when his objections were sustained, he failed to seek any further curative relief or move for a mistrial (see People v Brooks, 89 AD3d 746, 747 [2011]; People v Bajana, 82 AD3d 1111, 1112 [2011]). In any event, the complained of statements either constituted fair comment on the evidence, or, where better left unsaid, did not deprive the defendant of a fair trial (see People v Gonzalez, 83 AD3d 1093, 1094 [2011]; People v Miller, 239 AD2d 787, 789-790 [1997], affd 91 NY2d 372 [1998]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.