THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTE HERRING, Appellant. [989 NYS2d 883]—

Appeal by the defendant from a judgment of the County Court, Orange County (De Rosa, J.), rendered October 7, 2005, convicting him of burglary in the first degree (three counts), attempted robbery in the first degree (three counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him, as a second felony offender, to a determinate term of imprisonment of 12 years followed by a five-year period of postrelease supervision on each of the convictions of burglary in the first degree (three counts), attempted robbery in the first degree (three counts), and criminal possession of a weapon in the second degree, and a determinate term of imprisonment of five years followed by a five-year period of postrelease supervision on the conviction of criminal possession of a weapon in the third degree, all sentences to run concurrently.

Ordered that the judgment is modified, on the law, by vacating the period of five years of postrelease supervision imposed on the conviction of criminal possession of a weapon in the third degree; as so modified, the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision on that conviction in accordance with Penal Law § 70.45 (2) (e).

The defendant's challenge to the legal sufficiency of the evidence supporting his convictions is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, there was no reasonable view of the evidence that the structure at issue was not a dwelling within the meaning of the Penal Law, and, thus, the County Court properly refused to charge the lesser included offense of burglary in the second degree (see People v Barney, 99 NY2d 367, 373 [2003]).

The defendant's contention that the prosecutor made improper comments on summation is unpreserved for appellate review, since the defendant did not object to the comments he

now challenges (*see People v Romero*, 7 NY3d 911, 912 [2006]; *People v Bajana*, 82 AD3d 1111, 1112 [2011]). In any event, any improper comments did not deprive the defendant of a fair trial (*see People v Bajana*, 82 AD3d at 1112; *People v Damon*, 78 AD3d 860, 861 [2010]; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]; *People v Valerio*, 70 AD3d 869 [2010]; *People v Hendrix*, 60 AD3d 1081, 1082-1083 [2009]).

The defendant was not deprived of his right to the effective assistance of counsel under the United States or New York Constitutions (*see Strickland v Washington*, 466 US 668 [1984]; *People v Baldi*, 54 NY2d 137 [1981]).

However, as the People correctly concede, the period of five years of postrelease supervision imposed on the conviction of criminal possession of a weapon in the third degree exceeds the statutory maximum (*see* former Penal Law §§ 70.02 [1] [c]; 70.45 [2] [e]; 265.02 [4]). Accordingly, we remit the matter to the County Court, Orange County, for the imposition of an appropriate period of postrelease supervision on that conviction in accordance with Penal Law § 70.45 (2) (e).

The defendant's remaining contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *see also People v Mestres*, 41 AD3d 618 [2007]) and, in any event, is without merit. Dillon, J.P., Hall, Sgroi and Barros, JJ., concur.