Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered January 25, 2011, convicting him of murder in the first degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant’s contention that the evidence was legally insufficient to support his convictions is unpreserved to the extent he argues that the testimony of an accomplice was insufficiently corroborated (see CPL 470.05 [2]; People v Demolaire, 55 AD3d 621, 622 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. The testimony of the accomplice was sufficiently corroborated by, among other things, phone records, surveillance videos, and the defendant’s own statements (see People v Mazyck, 118 AD3d 728, 729 [2014]; People v Vantassel, 95 AD3d *1080 907, 907-908 [2012]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that the prosecutor made improper comments on summation is unpreserved for appellate review (see People Herring, 119 AD3d 958, 958-959 [2014]; People v Alleyne, 114 AD3d 804, 805 [2014]). In any event, any error does not require reversal (see People v Gopaul, 112 AD3d 966, 967 [2013]; People v Brooks, 89 AD3d 746 [2011]).
The Supreme Court providently exercised its discretion in permitting the People to present the testimony of the chief of the District Attorney’s homicide bureau. Contrary to the defendant’s contention, her testimony did not impermissibly bolster the testimony of the defendant’s accomplice. Rather, it was relevant to clarify the terms of a cooperation agreement between the District Attorney and the accomplice, which had become unclear during cross-examination of the accomplice.
The Supreme Court providently exercised its discretion in denying the defendant’s motion for a mistrial after the prosecutor asked a detective who interviewed the defendant following his arrest whether the detective believed the defendant when he said that he conspired to rob, but not kill, the victim, and the detective replied that he did not. Although the question was improper (see People v Allen, 222 AD2d 441, 442 [1995]), the defendant was not unduly prejudiced by the question, since the testimony was brief and the court sustained an objection to the question, immediately struck the testimony from the record, and gave a curative instruction to the jury (see People v Reaves, 112 AD3d 746, 747-748 [2013]; People v Brown, 76 AD3d 532, 533 [2010]).
The Supreme Court properly admitted certain testimony by the victim’s wife pursuant to the state-of-mind exception to the hearsay rule (see People v Borukhova, 89 AD3d 194, 220 [2011]; People v Malizia, 92 AD2d 154, 160 [1983], affd 62 NY2d 755 [1984]). The defendant’s contention that the Supreme Court erred in admitting certain testimony pursuant to the co-conspirator’s exception to the hearsay rule is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without *1081 merit (see People v Caban, 5 NY3d 143, 151 [2005]; People v Green, 92 AD3d 953, 956 [2012]).
Contrary to the People’s contention, the defendant preserved for appellate review his contention that the Supreme Court erred in denying his motion for a mistrial on the ground that the prosecutor improperly showed a witness, who had not identified the defendant in court, photographs purportedly depicting the defendant, and asked if the witness could identify the person in the photographs (see CPL 470.05 [2]; People v Licausi, 122 AD3d 771, 773 [2014]). However, the defendant’s contention is without merit. The witness merely identified the person in the photographs as the person who bought a watch from him on the day in question, and did not identify the person in the photographs as the defendant. Moreover, the testimony was stricken, and the photographs were not admitted into evidence and were not seen by the jury. Accordingly, the Supreme Court did not improvidently exercise its discretion in denying the defendant’s motion for a mistrial on this ground.
The Supreme Court did not improvidently exercise its discretion in admitting DVDs containing certain surveillance videos, as the People presented sufficient evidence that the videos truly and accurately represented what was before the camera (see People v Patterson, 93 NY2d 80, 84 [1999]; People v Costello, 128 AD3d 848 [2015]).
The remaining contention raised in the defendant’s main brief is without merit. The contentions raised in points I and III of the defendant’s pro se supplemental brief are without merit. The contentions raised in points II and IV of the defendant’s pro se supplemental brief are unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.