■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELLIOT HANKERSON, Appellant. [51 NYS3d 169]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered March 16, 2015, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the first degree and robbery in the second degree because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Smith*, 135 AD3d 970, 971 [2016]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish his identity as the perpetrator. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v*

*Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the prosecutor made improper comments on summation is partially unpreserved for appellate review, since the defendant did not object to the majority of the comments he now challenges (*see People v Herring*, 119 AD3d 958, 958-959 [2014]). In any event, any improper comments did not, singly or in combination, deprive the defendant of a fair trial (*see People v Bajana*, 82 AD3d 1111, 1112 [2011]; *People v Garcia-Villegas*, 78 AD3d 727, 728 [2010]). Defense counsel's failure to object to allegedly improper comments made by the prosecutor on summation did not deprive the defendant of the effective assistance of counsel (*see People v Bajana*, 82 AD3d at 1112; *People v Lopez*, 69 AD3d 958, 958 [2010]).

The defendant's contention that the Supreme Court gave the jury inadequate instructions regarding the burden of proof and reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Love*, 37 AD3d 618, 619 [2007]). In any event, the jury instructions, taken as a whole, conveyed the correct standard (*see People v Fields*, 87 NY2d 821 [1995]; *People v King*, 73 AD3d 1083, 1084 [2010]; *People v Coles*, 62 AD3d 1022, 1023 [2009]). Since the instructions were adequate, defense counsel's failure to object to the challenged portions of the court's charge to the jury did not constitute ineffective assistance of counsel (*see People v Martin*, 141 AD3d 734, 735 [2016]; *People v Delmas*, 115 AD3d 758, 758 [2014]). Mastro, J.P., Chambers, Miller and Barros, JJ., concur.