People v Adams (2018 NY Slip Op 00431)





People v Adams


2018 NY Slip Op 00431


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2015-08146
 (Ind. No. 14-00273)

[*1]The People of the State of New York, respondent, 
v
Lorenzo Adams, appellant.


Mark Diamond, New York, NY, for appellant.
Thomas P. Zugibe, District Attorney, New City, NY (Itamar J. Yeger of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Rockland County (William A. Kelly, J.), rendered June 4, 2015, convicting him of robbery in the third degree and criminal possession of an anti-security item, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant's challenge to the legal sufficiency of the evidence to support his conviction of robbery in the third degree is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of that crime (see People v Danielson, 9 NY3d 342, 349). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt of that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. The defendant was not in custody at the time that he made the first two sets of challenged statements (see People v Yukl, 25 NY2d 585; People v Gelin, 128 AD3d 717; People v Reardon, 124 AD3d 681; People v Gore, 117 AD3d 845, 845-846; People v Martin, 68 AD3d 1015). The third challenged statement, made while the defendant was in custody but prior to the administration of Miranda warnings (see Miranda v Arizona, 384 US 436), was spontaneous, and not triggered by any police questioning or other conduct which reasonably could have been expected to elicit a declaration from him (see People v Goldson, 136 AD3d 1053, 1054; People v Barley, 82 AD3d 996, 996; People v Henderson, 57 AD3d 562).
The defendant's contention that the Supreme Court's jury instructions diminished the People's burden of proof is unpreserved for appellate review (see CPL 470.05[2]). In any event, the jury instructions, taken as a whole, conveyed the correct standard (see People v Medina, 18 NY3d [*2]98; People v Fields, 87 NY2d 821; People v Hankerson, 149 AD3d 778; People v King, 73 AD3d 1083). Since the instructions were adequate, defense counsel's failure to object to the court's charge did not constitute ineffective assistance of counsel (see People v Hankerson, 149 AD3d 778).
The defendant's contention that he was deprived of his right to present a defense by the Supreme Court's curtailment of his cross-examination of a prosecution witness is also unpreserved for appellate review (see People v Valdez-Cruz, 99 AD3d 738). In any event, this contention is without merit (see People v Hudy, 73 NY2d 40, 56; People v Cruz, 131 AD3d 706, 707).
The defendant's remaining contentions are without merit.
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court