People v Martin (2018 NY Slip Op 03150)





People v Martin


2018 NY Slip Op 03150


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2010-03558
 (Ind. No. 12564/08)

[*1]The People of the State of New York, respondent,
v
Lemar Martin, appellant.


Seymour W. James, Jr., New York, NY (William B. Carney of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Amy Appelbaum of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gustin L. Reichbach, J.), rendered March 11, 2010, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was charged with murder in the second degree, among other crimes, arising from the death of a three-year-old child. At trial, the People proceeded on a theory that the defendant's fiancée beat the child to death and the defendant, having a legal duty to act, failed to intervene and stop the beating.
The trial evidence established that on June 6, 2008, at approximately 10:00 a.m., firefighters responded to the defendant's apartment where they found the defendant's fiancée holding the child, who was unresponsive and not breathing. The medical examiner concluded that the child was beaten to death. The child's injuries included confluent bruising: "an extensive area of bruising that just tends to merge from the back towards the front of the lateral aspect of the body." The medical examiner estimated that it would have taken at least 20 and as many as 60 blows to cause that amount of bruising. The medical examiner further testified that the normal temperature of a human body is 98.6 degrees, and a human body cools by about 1.5 degrees per hour following death. When the child was examined at Interfaith Hospital at approximately 12:00 p.m. on June 6, 2008—about two hours after the firefighters were first called to the defendant's apartment—his body temperature was 85.1 degrees. The People's evidence also established that there were blood stains all over the bedroom in the apartment, including on the bed on which the defendant slept.
The defendant gave a statement to the police in which he stated that he did not know that anything was wrong with the child until his fiancée called him at work on the morning of June 6, 2008. He also stated that he woke up several times during the night because he heard his fiancée talking to the child.
The defendant testified that on the night in question, he slept from 1:00 a.m. until his alarm went off at 7:00 a.m. He testified that he was a heavy sleeper, and he presented the testimony of other witnesses who agreed that he was a heavy sleeper.
The defendant was convicted of murder in the second degree on a theory of depraved indifference to human life (see Penal Law § 125.25[4]).
On appeal, the defendant contends that his conviction was against the weight of the evidence because the evidence established that he slept through the beating. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 644-645).
The defendant's challenge to certain comments made by the prosecutor during his summation is only partially preserved for appellate review (see People v Banks, 74 AD3d 1214, 1215; People v Jones, 9 AD3d 374). In any event, although some of the comments may have been improper, these isolated comments did not deprive the defendant his right to a fair trial (see People v Houston, 82 AD3d 1122; People v German, 45 AD3d 861, 862).
Contrary to the defendant's contention, the Supreme Court properly precluded evidence regarding his fiancée's mental stability as irrelevant (see generally People v Scarola, 71 NY2d 769, 777).
The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court