People v Moulton (2018 NY Slip Op 05203)





People v Moulton


2018 NY Slip Op 05203


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2015-07386
 (Ind. No. 2416/12)

[*1]The People of the State of New York, respondent,
v
Sylvin C. Moulton, appellant.


Aidala Bertuna & Kamins, P.C., New York, NY (Barry Kamins and John Esposito of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J.), rendered July 23, 2015, convicting him of rape in the first degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and a new trial is ordered.
The defendant was charged with committing sexual offenses against his girlfriend's eight-year-old granddaughter. After a jury trial, the defendant was convicted of rape in the first degree and endangering the welfare of a child.
Contrary to the defendant's contention, the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633, 640-641; People v Bleakley, 69 NY2d 490, 495).
The defendant received effective assistance of counsel under the state and federal standards (see Strickland v Washington, 466 US 668; People v Turner, 5 NY3d 476; People v Benevento, 91 NY2d 708; People v Brown, 135 AD3d 870, 871; People v Koki, 74 AD3d 987).
The defendant's contention that the prosecutor violated the unsworn witness rule during her cross-examination of a witness is unpreserved for appellate review (see CPL 470.05[2]; People v Tevaha, 84 NY2d 879, 880-881; People v Tapper, 64 AD3d 620, 621). However, reversal of the judgment is warranted as a matter of discretion in the interest of justice (see People v Brown, 30 AD3d 609, 610; People v Ramashwar, 299 AD2d 496, 497). The prosecutor repeatedly injected her own credibility into the trial while cross-examining the complainant's grandmother, who was the sole witness for the defense other than the defendant, about pretrial out-of-court statements the grandmother made to the prosecutor concerning the complainant's outcry (see People v Paperno, 54 NY2d 294, 300-301). Given the importance of the grandmother's testimony to the defense, this conduct deprived the defendant of his right to a fair trial (see People v Bailey, 58 NY2d 272, 277; People v Brown, 30 AD3d at 610; People v Ramashwar, 299 AD2d at 497). Accordingly, we must [*2]remit the matter to the Supreme Court, Queens County, for a new trial (see CPL 470.20[1]).
In light of our determination, the defendant's remaining contention need not be reached.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court