People v Saunders (2021 NY Slip Op 05994)





People v Saunders


2021 NY Slip Op 05994


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
LARA J. GENOVESI, JJ.


2017-03356
 (Ind. No. 8993/15)

[*1]The People of the State of New York, respondent,
v
Marcus Saunders, appellant.


Patricia Pazner, New York, NY (Anjali Biala of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (William M. Harrington, J.), rendered March 10, 2017, convicting him of course of sexual conduct against a child in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of course of sexual conduct against a child in the first degree after a trial in which the complainant, his daughter, testified that he had forced her to perform oral sex on him on multiple occasions over an extended period of time when she was less than 13 years old.
The defendant has failed to preserve for appellate review his contention that his conviction was not supported by legally sufficient evidence (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of course of sexual conduct against a child in the first degree beyond a reasonable doubt (Penal Law § 130.75[1][b]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during her opening statement and summation is largely unpreserved for appellate review (see People v McMillan, 130 AD3d 651, 654-655; People v Banks, 74 AD3d 1214, 1215; People v Jones, 9 AD3d 374, 375). In any event, the majority of the prosecutor's remarks constituted acceptable rhetorical comment, fair comment on the evidence and the inferences to be drawn therefrom, or permissible responses to defense counsel's summation. To the extent that some of the remarks may have been improper, they were not so "flagrant or pervasive" as to deprive the defendant of a fair trial (People v Mapp, 188 AD3d 1260, 1261; see People v Martin, 161 AD3d 777, [*2]778; People v Houston, 82 AD3d 1122, 1123).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contention is without merit.
MASTRO, J.P., MILLER, CONNOLLY and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court