People v Basnight

2026 NY Slip Op 02277

April 15, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Jamaine Basnight, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 15, 2026

2024-03582, (Ind. No. 70325/20)

Mark C. Dillon, J.P.

Valerie Brathwaite Nelson

Laurence L. Love

James P. McCormack, JJ.

Joseph F. DeFelice, Kew Gardens, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (David L. Glovin and Autumn Hughes of counsel; Matthew C. Frankel on the brief), for respondent.

[*1]

DECISION & ORDER

Appeal by the defendant from a judgment of the County Court, Nassau County (Howard E. Sturim, J.), rendered May 1, 2024, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, aggravated unlicensed operation of a motor vehicle in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree, driving while intoxicated, and operating a motor vehicle without a license, upon a jury verdict, and imposing sentence.

ORDERED that the judgment is affirmed.

The defendant contends that he was deprived of his rights to due process and a fair trial by certain comments made by the prosecutor during summation. The defendant's challenges to the prosecutor's comments to the effect that there was no reason for the police to lie, about the presence of DNA evidence on certain items, and that the jury should not fall for a "trap" are unpreserved for appellate review, since defense counsel did not object to these comments (see People v O'Doherty, 236 AD3d 929, 930). The defendant's challenges to the prosecutor's comments to the effect that the defense was trying to "sidetrack" the jury and telling them a "ridiculous story" are unpreserved for appellate review because defense counsel failed to request additional relief when the County Court sustained objections or provided curative instructions (see People v Bajana, 82 AD3d 1111, 1112). Moreover, "the defendant's motion for a mistrial, made after the completion of summations, was untimely and failed to preserve his contentions" (People v Malave, 7 AD3d 542, 542; see People v Romero, 7 NY3d 911, 912; People v Balls, 69 NY2d 641, 642). We decline to exercise our interest of justice jurisdiction to consider the defendant's challenges to comments that have not been preserved for appellate review.

With respect to the defendant's challenges to comments that have been preserved for appellate review, the majority of the challenged comments made by the prosecutor during summation were within the bounds of permissible rhetorical comment (see People v Ashwal, 39 NY2d 105, 109), fairly responsive to arguments made in defense counsel's summation (see People v Spencer, 244 AD3d 1254, 1254), or constituted fair comment on the evidence (see People v Escalona, 237 AD3d 968, 970). Any prejudice that resulted was alleviated by the County Court's curative [*2]instructions (see People v Chandler, 237 AD3d 1105, 1106). Moreover, to the extent that any of the challenged comments were improper, they were not so pervasive or egregious as to have deprived the defendant of his rights to a fair trial or due process (see People v Spencer, 244 AD3d at 1254).

The defendant's Batson challenge (see Batson v Kentucky, 476 US 79) is unpreserved for appellate review. At no time during step three of the Batson analysis did defense counsel contend that the People failed to meet their burden of providing race-neutral reasons for peremptorily challenging the prospective juror in question. Under the circumstances, we decline to exercise our interest of justice jurisdiction to reach the Batson challenge to the prospective juror in question (see People v Taylor, 185 AD3d 724, 727-729).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

DILLON, J.P., BRATHWAITE NELSON, LOVE and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court